UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT PIPER**                              **CASE NO.  2:22-CV-02657**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**U S A A CASUALTY INSURANCE CO**      **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 28] filed by defendant USAA Casualty Insurance Company. Plaintiff Robert Piper opposes the motion. Doc. 30.

### I.
#### BACKGROUND

This suit arises out of damages sustained to Plaintiff's property in Hurricanes Laura and Delta. Defendant is the insurer for Plaintiff's damaged property. Plaintiff hired Stevephen Lott ("Lott"), a licensed public adjuster, as an expert building consultant to provide testimony in this suit. Lott performed an inspection of Plaintiff's property in September of 2023. Plaintiff timely filed Lott's expert report with this Court and provided a copy to Defendant.

Defendant moves to exclude any and all evidence offered by Lott regarding estimated costs for repairs already completed. Doc. 28. Plaintiff asserts that there are still unrepaired damages to a shed as well as speaker wiring that are covered under the insurance policy. Doc. 30. Plaintiff also argues that all of Lott's estimates should be allowed as a

means to combat potential allegations by Defendant that repairs to the home were not caused by hurricane damage, were unnecessary, or were upgrades. *Id.*

## II.
## LAW & APPLICATION

### A. Legal Standard

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

"Damages may be predicated on estimation only when the loss has not been repaired. If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill." *Lambert v. Allstate Ins. Co.,* 195 So.2d 698, 700 (La. Ct. App. 1967) (citing *Gambrell v. Audubon Ins. Co.,* 115 So.2d 727, 730 (La. Ct. App. 1959)). Plaintiff must produce the best evidence available in support of his claim. *Sutherlin Sales Co. v. United Most Worshipful St. John's Grand Lodge of Ancient Free & Accepted Masons*, 127 So.2d 253, 259 (La. Ct. App.1961).

Plaintiff has stated the only remaining unrepaired damages are to his shed as well as speaker wiring. Lott's estimates for these damages will not be excluded as the loss has not yet been repaired.

The best evidence for the repairs already completed is the repair bill. Therefore, all estimates made by Lott concerning repairs already completed shall be excluded for the purpose of assessing damage. However, evidence of Lott's estimates for repairs already completed may still be allowed for other purposes, such as to show proof of loss/notice to Defendant.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 28] be **GRANTED IN PART AND DENIED IN PART.**

**THUS DONE AND SIGNED** in Chambers on the 27th day of June, 2024.

                              **JAMES D. CAIN, JR.**
                          **UNITED STATES DISTRICT JUDGE**